PER CURIAM.
 

 The appellant challenges his conviction for capital sexual battery, contending that his cross-examination of the alleged victim was improperly limited by the trial court. During cross-examination, defense counsel attempted to question the witness about previous statements she had made which would have provided a basis for defense counsel to argue to the jury that the witness had made false allegations against the appellant in the past, and that her present testimony should therefore not be accepted as true. The trial court disallowed the line of questioning, finding it to be outside the scope of the state’s direct examination.
 

 A defendant has a constitutional right to pursue a full cross-examination to expose a witness’s bias or improper motive in testifying against the defendant, even when the questioning goes outside the scope of the prosecutor’s direct examination.
 
 See Olden v. Kentucky,
 
 488 U.S. 227, 109 S.Ct. 480, 102 L.Ed.2d 513 (1988);
 
 Davis v. Alaska,
 
 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974);
 
 Washington v. State,
 
 737 So.2d 1208 (Fla. 1st DCA 1999). Because the attempted cross-examination related to the witness’s credibility, the appellant’s constitutionally protected right to a full cross-examination was denied. Accordingly, as we cannot say that this error was harmless, the appellant’s conviction is reversed and the case is remanded.
 

 BARFIELD, ALLEN, and LEWIS, JJ., concur.